**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA**

CASE NO: 6:25-cv-02490-RBD-RMN

REYNEL SUAREZ, on behalf of himself
individually and others similarly situated.

    *Plaintiff,*

v.

STEEL X HOMES, LLC, RICHARD            CLASS REPRESENTATION
RIVERA, CATALINA REBOLLEDO,
LAEQALI AND ASSOCIATES, INC.         JURY TRIAL DEMANDED
ALI SAYED, HALLMARK HOME
MORTGAGE, LLC, FAIRWAY
INDEPENDENT MORTGAGE
CORP., STEEL X HOMES
DEVELOPMENT LLC, ALEJANDRO
MARRIAGA, KAYE FLANAGAN,
and PAAVO SALMI,

    *Defendants.*
_____/

**PLAINTIFF'S MOTION FOR ORDER DIRECTING
DEFENDANTS TO DISCLOSE THIS CLASS ACTION LAWSUIT
PRIOR TO SETTLING ANY CLAIMS WITH THE PUTATIVE CLASS**

Pursuant to Federal Rule of Civil Procedure 23, Plaintiff, Reynel Suarez, moves the Court to enter an order directing Hallmark Home Mortgage, LLC ("Hallmark"), Fairway Independent Mortgage Corp. ("Fairway"), and any other Defendants working in concert with them to disclose the existence of this class action before continuing to solicit settlement agreements from the putative class. To the extent Hallmark or Fairway have already settled claims of the putative class after this case was initiated, those individuals should also receive notice that they

may have a right to void the settlement agreement if they want to join this class action lawsuit.

## BACKGROUND

This case is about a mortgage bank and construction company who sold the dream of homeownership to families throughout Florida. They made promises of quick and budget-friendly construction projects, with a mortgage that was structured in a way that these families could afford. These families made downpayments to Hallmark to start the process and trusted them to safeguard their downpayments and loan money to ensure these homes got built. Instead, to our knowledge, not a single home was completed by Steel X. And Hallmark terrorized these families for years under the guise that the construction delays were caused by the families. Worse still, they warned that if the families did not agree to enter into even more disadvantageous agreements — increasing the loan amount and almost doubling their interest rates — their homes would be foreclosed upon. These families are now underwater on their mortgages because their homes are in various stages of unfinished construction. The putative class member families have now been forced to come out of pocket to pay for living expenses elsewhere. So long as their mortgages remain unresolved and the construction of their homes abated, incomplete, or never commenced, their dream of home ownership has been upended.

It is now clear that potential members of the class are being systematically contacted by counsel for Hallmark. This is occurring with regularity following the

filing of the instant class complaint. It is also now clear that Hallmark's counsel has initiated settlement discussions with putative class members while: (1) never mentioning the pendency of this lawsuit; (2) proposing settlement terms with general releases in favor of Hallmark to be executed by each putative class members; (3) proposing non-disparagement agreements which would silence each of them and make actionable written or oral communications concerning their dealings with Hallmark.

## ARGUMENT

"A district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981). Trial courts have discretion under Rules 23(b)(3) and 23(d) to prohibit misleading communications to the putative class. *See Kleiner v. First Nat'l Bank*, 751 F.2d 1193, 1203 (11th Cir. 1985). "Unsupervised, unilateral communications with the plaintiff class sabotage the goal of informed consent by urging exclusion on the basis of a one-sided presentation of the fact, without opportunity for rebuttal. The damage from misstatements could well be irreparable." *Id.* (citing *Zarate v. Younglove*, 86 F.R.D. 80, 90 (C.D. Cal 1980)).

To obtain relief under Rule 23, "Plaintiff must demonstrate that a particular form of communication has occurred or is threatened to occur. Next, Plaintiff must demonstrate that the particular form of communication at issue is abuse in that it threatens the proper functioning of the litigation." *Taaffe v. Robinhood Mkts., Inc.*,

3

2020 U.S. Dist. LEXIS 55980 at *11 (M.D. Fla. Mar. 31, 2020) (internal quotations omitted).

## I. After this class action lawsuit was filed, Hallmark ignited settlement discussions with the putative class.

Hallmark's counsel initiated settlement discussions with members of the putative class attempting to settle their claims against the bank, after this class complaint was filed. Their communications with possible class members made no mention of the pending class action.

Attached to this motion as **Exhibit A** is the declaration of Alexis Taquechel Levya, another member of the putative class. Mr. Taquechel purchased his homesite in Naples, FL. He then entered into a loan and mortgage agreement with Hallmark to finance the construction of his family's future home, built by Steel X Homes, LLC.[1] Five years later his home remains a construction site, his family's home unbuilt. Notwithstanding, Hallmark continues to threaten to foreclose on its loan.[2] On January 6, 2026, Hallmark's counsel contacted Mr. Taquechel and sent him a "CONFIDENTIAL SETTLEMENT COMMUNICATION." In it, Hallmark proposed that Mr. Taquechel transfer ownership of his homesite in exchange for satisfaction of Hallmark's mortgage.[3] Quite the deal for Hallmark. As is true for members of the putative class, Mr. Taquechel has spent hundreds of thousands of dollars in the aborted construction of their homes. Hallmark cannot be permitted

---

[1] Declaration ¶ 3.
[2] Declaration ¶ 4.
[3] Declaration ¶ 6.

4

to simply moot the relief that would be provided to these class members without a full disclosure to them of the pending claims complaint.

### II. Hallmark's attempts to settle with the putative class without notifying them of this class action are coercive and misleading.

Following the Supreme Court's lead in *Gulf Oil*, multiple district courts throughout the country have concluded that individual members of the putative class must be given notice of the pendency of a class action lawsuit. *See, e.g.*, *Burford v. Cargill, Inc.*, 2007 U.S. Dist. LEXIS 1679 at *5 (W.D. La. Jan. 9, 2007) (failure to notify putative class member of pending class suit is misleading as a matter of law); *Friedman v. Intervet Inc.*, 730 F. Supp. 2d 756, 763 (N.D. Ohio 2010) (collecting cases). "While settlements are to be encouraged, settlements cannot come at the expense of the class action mechanism itself to the detriment of the putative class members." *Cabrales v. BAE Sys. San Diego Ship Repair, Inc.*, 2023 U.S. Dist. LEXIS 221253 at *5 (S.D. Cal. Dec. 12 2023) (internal quotations omitted).

Putting aside the complaint's allegations that Hallmark had an active role in creating these fraudulent loans, Hallmark is using its leverage as mortgagee to moot the pending class complaint. Its repeated threats of foreclosure would be accompanied by the plummeting credit scores of the homeowners, jeopardizing their ability to obtain credit or financing for years, and subject each of them to a deficiency judgment. Given the potential for abuse, members of the putative class must be informed of their options. The Eleventh Circuit has spoken on these

5

dangers in the context of bank borrowers. *See Kleiner*, 751 F.2d at 1202 ("A unilateral communications scheme, moreover, is rife with potential for coercion. If the class and the class opponent are involved in an ongoing business relationship, communications from the class opponent to the class may be coercive.")

**III.    Hallmark and Fairway should be required to disclose this class action lawsuit to anyone it attempts to settle with or has settled with since the beginning of this case.**

This Court should require Hallmark and Fairway to provide a scripted notice to all potential class members it attempts to contact for the purpose of initiating a settlement dialogue. As explained in the Complaint, Hallmark has now sold all its performing assets to Fairway in June of 2025. [ECF No. 1 ¶¶ 61-64].  It left behind an empty shell of a company which was voluntarily dissolved on November 05, 2025. The Articles of Dissolution are attached as **Exhibit B**.

The following disclosure statements should be sent to both members of the putative class who have already entered into settlement agreements since the filing of this lawsuit, and to any member of the putative class Hallmark or Fairway seek to discuss settlement after the filing of this motion.

**Disclosures to those that have already settled**:

There is a class action lawsuit pending against Hallmark Home Mortgage, Fairway Independent Mortgage, Steel X, and others. You may wish to consult with an attorney regarding the settlement agreement you recently entered into with Hallmark. You are free to retain counsel of your own choosing, or you may contact the class action lawsuit's counsel at the contact information below at no cost to you.

**Disclosures to those they wish to discuss settlement with:**

There is a class action lawsuit pending against Hallmark Home Mortgage, Fairway Independent Mortgage, Steel X, and others. By signing any settlement agreement you will be releasing any and all claims against Hallmark Home Mortgage, Fairway Independent Mortgage, and related entities. It will also restrict your ability to participate in the class action lawsuit. If no class is certified, Hallmark Home Mortgage and/or Fairway Independent Mortgage will inform you of this development, and you will then have thirty days in which to accept or reject the settlement offer. You are free to retain counsel of your own choosing, or you may contact the class action lawsuit's counsel at the contact information below at no cost to you.

Both disclosure statements shall include the undersigned's contact information and then a copy of the complaint filed in this matter:

**WEIL LAW FIRM, P.A.**

Luke T. Jacobs, Esq.
Florida Bar No. 1024787
E-Mail:  Ljacobs@weillawfirm.net
Telephone: (305) 372-5352

District courts have found substantially similar notices proper at this stage of the litigation to rectify unilateral settlement communications made by defendants without notice of the pending lawsuit. *See, e.g.*, *Friedman v. Intervet Inc.*, 730 F.Supp.2d at 766-67 (substantially similar template ordered); *Cabrales*, 2023 U.S. Dist. LEXIS 221253 at *13; *Griffin v. Aldi, Inc.*, 2017 U.S. Dist. LEXIS 71840 at *28-29 (N.D.N.Y. May 11, 2017).

**IV.    Requiring Hallmark to provide a disclosure notice to rectify its material omissions does not run afoul of the First Amendment.**

Compelling commercial speech does raise First Amendment concerns as an attack on prior restraint. But courts have found it a light lift to craft a remedy that

7

does not run afoul of a corporation's constitutional protections. Commercial speech receives only limited first amendment protection and "untruthful or misleading speech has no claim on first amendment immunity." *Kleiner*, 751 F.2d at 1204 (citing *Central Hudson Gas Co. v. Public Serv. Comm.*, 447 U.S. 557, 566 (1980)). There is no constitutional hurdle for commercial speech that is more likely to deceive the public than to inform it. *See id.* Because these notices only seek to curtail any unilateral campaigns that omit the existence of this class action lawsuit, they do not run afoul of Hallmark or Fairway's commercial constitutional protections.

## CONCLUSION

This Court should enter an order requiring defendants Hallmark Home Mortgage, LLC and Fairway Independent Mortgage, Corp. to deliver the notices discussed above in § III of this motion.

Dated on the 23rd day of January 2026.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 3.01(g), the undersigned certifies that he conferred with counsel for Hallmark Home Mortgage, LLC and Fairway Independent Mortgage Corp., on January 23, 2026, via a Teams video conference to discuss the relief sought herein. Both defendants oppose the relief sought.

Respectfully submitted,

**WEIL LAW FIRM, P.A.**

By: */s/ Luke T. Jacobs*

8

Luke T. Jacobs, Esq.
Florida Bar No. 1024787
E-Mail: *Ljacobs@weillawfirm.net*
E-Mail: *Service@weillawfirm.net*
333 SE 2nd Avenue, Suite 2000
Miami, FL 33131
Telephone: (305) 372-5352

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on all counsel of record via the electronic filing system on January 23, 2026 and via e-mail on the counsel listed below.

Reginald J. Clyne, Esq.
Eddie L. Holiday III, Esq.
Quintairos, Prieto, Wood, Boyer, P.A.
9300 South Dadeland Blvd., 4th Floor
Miami, FL 33156
Reginald.clyne@qpwblaw.com
Eddie.Holiday@qpwblaw.com
Cecilia.quevedo@qpwblaw.com
**Counsel for Hallmark Home Mortgage, LLC**

C. Charles Townsend, Esq.
Matthew Lindsey, Esq.
Hinshaw & Culbertson LLP
1717 Main Street, Suite 3625
Dallas, TX 75201
ctownsend@hinshawlaw.com
mlindsey@hinshawlaw.com
**Counsel for Fairway Independent Mortgage Corp.**