# EXHIBIT B

CASE NO: 6:25-cv-02490-RBD-RMN

REYNEL SUAREZ, on behalf of himself
individually and others similarly situated.

    *Plaintiff,*

v.

STEEL X HOMES, LLC,
RICHARD RIVERA,
CATALINA REBOLLEDO,
PAAVO SALMI,
HALLMARK HOME MORTGAGE, LLC,
FAIRWAY INDEPENDENT MORTGAGE
CORPORATION,
ALEJANDRO MARRIAGA,
and KAYE FLANAGAN,

    *Defendants.*

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT ALEJANDRO MARRIAGA

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff, Reynel Saurez, requests that Defendant Alejandro Marriaga produce the documents and materials described below within thirty (30) days from the date of service.

### DEFINITIONS

1. "You," "Your," "Marriaga," or "Defendant" means Alejandro Marriaga, and any agents, employees, employers, representatives, and anyone acting on his behalf.

2. "Plaintiff," or "Suarez" means the plaintiff, Reynel Suarez.

3. "Hallmark" means Defendant Hallmark Home Mortgage, LLC.

4. "Steel X" means Defendant Steel X Homes, LLC.

5. "Rivera" means Defendant Richard Rivera.

6. "Lawyers Title Network" means Marriaga Law Group, P.A., doing business as Lawyers Title Network.

7. "Escrow Funds" refers to the any monies which were sent from Hallmark, Steel X, Rivera, or anyone working on their behalf, for the benefit of a borrower for disbursement by Lawyers Title Network.

7. "Device" means any electronic device, including but not limited to mobile phones, tablets, laptops, desktops, or any device capable of storing digital communications or connecting to internet-based applications and platforms.

8. "Document" or "Documents" includes all written, printed, electronic, or recorded materials, including emails, text messages, notes, memoranda, videos, photographs, reports, and metadata.

9. "Communication" or "Communications" refers to any exchange of information, whether written, electronic, or oral, including but not limited to messages through SMS, email, Teams, WhatsApp, Telegram, Signal, Snapchat, Facebook Messenger, Instagram Messenger, and other digital messaging platforms.

10. "Relating to" or "related to" includes anything concerning, evidencing, or logically or factually connected to the subject matter of the request.

# INSTRUCTIONS

1. Please produce all requested documents and allow inspection of responsive devices in their native format to ensure authenticity and preserve metadata.

2. If any document or portion of a document is withheld under a claim of privilege, please provide a privilege log identifying each withheld document and specifying the nature and basis of the privilege asserted.

3. Each Request for Production contemplates production of all Documents in their entirety. If a portion of a Document is responsive to one or more requests, You shall produce the Document in its entirety.

4. For any responsive documents stored on social media platforms, please produce them in the form of screenshots, PDFs, or other readable formats. Include all metadata (e.g., time and date of posting) if available.

5. If any document is lost, destroyed, or otherwise unavailable, please identify the document and explain its unavailability.

6. If certain parts of documents are redacted, state the grounds for redaction and produce the document in redacted form.

7. If there are no Documents in response to a particular request, or if You with- hold any responsive Documents for any reason, You must state so in writing.

8. You must identify each Document withheld from production, in whole or in part, on the grounds of any evidentiary privilege, including, but not limited to, the attorney- client privilege or the attorney work product doctrine. The

identification should include the name, address, position, and organization of the author, each person who received the Documents, and the Document's custodian, the Document's date, a brief description of the Documents, subject matter, the request to which the Document is responsive, and the specific grounds for claiming the Document is privileged.

9. To the extent You assert that a Document contains both protected information (based on the attorney-client privilege, attorney work product doctrine, or any another protection) and non-protected information, the non-protected portions of the Document must be produced. For each such Document, You should indicate the protected portion by stamping the words "MATERIAL REDACTED [AS [BASIS FOR PROTECTION]]" on the Document in an appropriate location that does not obscure the remaining non-protected text.

10. If You object to any Request for Production on any ground other than privilege, You must specify: (1) the part of the request that is objectionable; and (2) whether any responsive materials are being withheld based on an objection. Any Documents, or parts of Documents, responsive to a Request but not subject to Your objection must be produced, even if an objection to that Request is pending.

11. If any Document responsive to any Request for Production was, but no longer is, in Your possession, custody, or control, You must include a statement: (1) identifying the Document; (2) describing where the Document is now; (3) identifying who has control of the Document; (4) describing how the Document became lost or destroyed or was transferred; (5) identifying each of those persons

responsible for or having knowledge of the loss, destruction, or transfer of the Document from your possession, custody, or control, and (6) describing any efforts You engaged in to locate or recover the Document.

12. The relevant time period for each request is between January 1, 2019, up to the date of your response.

## REQUESTS FOR PRODUCTION

1.  All Your communications with Richard Rivera regarding where You or Lawyers Title Network were supposed to send the Escrow Funds.

2.  All documents showing where You or Lawyers Title Network were supposed to send the Escrow Funds.

3.  All wire transfers, ledgers, bank statements, or other documents showing where the Escrow Funds were sent.

4.  All Your communications with Hallmark or anyone acting on its behalf regarding your role as the Settlement Agent and/or Escrow Agent for any of their borrowers.

5.  All Your communications with Hallmark or anyone acting on its behalf regarding where You or Lawyers Title Network were supposed to send the Escrow Funds.

6.  All contracts you entered into with Hallmark.

7.  All contracts you entered into with Steel X.

8.  All contracts you entered into with Rivera.

9.    Documents showing the most recent address of Richard Rivera, to your knowledge.

10.    Documents showing the most recent address of Catalina Rebolledo, to your knowledge.

Respectfully submitted,

**WEIL LAW FIRM, P.A.**

By: */s/ Luke T. Jacobs*
        Luke T. Jacobs, Esq.
Florida Bar No. 1024787
E-Mail:  *Ljacobs@weillawfirm.net*
E-Mail:  *Service@weillawfirm.net*
333 SE 2nd Avenue, Suite 2000
Miami, FL 33131
Telephone: (305) 372-5352

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing was served on March 9, 2026 via e-mail on the party listed below.

*Via E-mail*
Alejandro Marriaga
1802 N Alafaya Trail, Suite 152
Orlando, FL 32826
AlexMarriaga@hotmail.com
***Pro Se***