# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

## Case No.: 6:25-cv-02490-AGM-RMN

REYNEL SUAREZ, on behalf of himself individually and others similarly situated,

Plaintiff,

v.

STEEL X HOMES LLC,
RICHARD RIVERA,
CATALINA REBOLLEDO,
PAAVO SALMI,
HALLMARK HOME MORTGAGE LLC,
FAIRWAY INDEPENDENT MORTGAGE
CORPORATION,
ALEJANDRO MARRIAGA AND
KAYE FLANAGAN

Defendants.

_____/

DEFENDANT RICHARD RIVERA'S MOTION TO QUASH PLAINTIFF'S SUBPOENA

TO THE FLORIDA DEPARTMENT OF BUSINESS AND PROFESSIONAL

REGULATION OR, ALTERNATIVELY, MOTION FOR PROTECTIVE ORDER

## Introduction

Defendant Richard Rivera respectfully moves this Court pursuant to Rules 26(c)

and 45(d)(3) of the Federal Rules of Civil Procedure to quash the subpoena issued

by Plaintiff to the Florida Department of Business and Professional Regulation ("DBPR"), or alternatively enter an appropriate protective order substantially limiting the subpoena.

The subpoena represents one of the broadest discovery requests served in this litigation. Rather than requesting documents relating to the transaction giving rise to this lawsuit, Plaintiff demands every complaint, disposition, investigative record, and any other file maintained by the DBPR concerning multiple individuals and business entities over an unlimited period of time. The subpoena bears no reasonable relationship to the claims asserted, ignores the proportionality requirements imposed by Rule 26, invades substantial privacy interests, and constitutes nothing more than an impermissible fishing expedition designed to search for unrelated accusations that could be improperly used for character assassination rather than proving any claim before this Court.

Federal discovery is intentionally broad, but it is not without limits. Rule 26 does not authorize unrestricted searches through decades of governmental records in hopes of uncovering unrelated allegations having no connection to the issues actually before the Court.

Accordingly, the subpoena should be quashed in its entirety.

## STATEMENT OF FACTS

## I. APPLICABLE LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) limits discovery to matters that are relevant to a party's claim or defense and proportional to the needs of the case. Even relevant discovery may be limited when its burden or expense outweighs its likely benefit.

Rule 45 likewise protects non-parties and affected persons from subpoenas that impose an undue burden or seek information beyond the permissible scope of Rule 26. Fed. R. Civ. P. 45(d)(3). Courts have broad discretion to quash or modify subpoenas that are overbroad, unduly burdensome, or seek irrelevant information.

## II. THE SUBPOENA IS FACIALLY OVERBROAD.

Plaintiff's subpoena commands the DBPR to produce:

"All complaints, dispositions, and any other documents in the file against Richard Rivera, Paavo Salmi, Catalina Rebolledo, Silvio Fuguet, Steel X Homes LLC, ICON LLC, or Hallmark Home Mortgage, LLC."

The subpoena contains no meaningful limitation.

It is unrestricted by:

* date;

* subject matter;

* transaction;

* license;

* complainant;

* project;

* statutory violation; or

* relationship to Plaintiff's allegations.

Instead, Plaintiff demands every document maintained by the DBPR concerning seven separate individuals or entities over an unlimited period.

That type of unrestricted request exceeds the scope of Rule 26 and imposes an unnecessary burden on a non-party governmental agency.

### III. THE SUBPOENA IS NOT PROPORTIONAL.

The Complaint concerns a specific dispute arising from a particular transaction.

The subpoena, however, seeks every complaint ever filed concerning multiple individuals and companies regardless of whether those complaints involve:

* unrelated customers;

* unrelated homes;

* unrelated business activities;

* unrelated time periods; or

* unrelated allegations.

The burden imposed upon the DBPR to identify, review, redact, and produce such a broad universe of documents is substantial.

Plaintiff has made no showing that such expansive discovery is proportional to the actual issues before the Court.

## IV. THE SUBPOENA SEEKS MATERIAL THAT IS NOT RELEVANT TO THE CLAIMS OR DEFENSES.

The Federal Rules do not authorize discovery merely because information might portray a party in an unfavorable light.

Complaints filed with a regulatory agency are allegations. Standing alone, they do not establish:

* liability;

* negligence;

* fraud;

* licensing violations; or

* any fact in dispute in this litigation.

Many complaints are dismissed, closed without action, resolved administratively, or found to be unsubstantiated.

Accordingly, a blanket request for all complaints against multiple parties is not reasonably tailored to obtain evidence relevant to Plaintiff's claims.

## V. THE SUBPOENA IMPROPERLY SEEKS CHARACTER EVIDENCE.

Although discovery is broader than admissibility, it is not limitless.

The structure of this subpoena strongly suggests an effort to obtain unrelated accusations against Defendants rather than evidence concerning the transaction alleged in the Complaint involving Defendant Richard Rivera.

Discovery should not become a vehicle for collecting unrelated allegations that could later be offered to imply that Defendant Richard Rivera acted in conformity with prior accusations.

The Court should exercise its authority to prevent discovery that unnecessarily creates prejudice and distracts from the issues actually before the Court.

## VI. THE SUBPOENA FAILS TO INCLUDE ANY TEMPORAL LIMITATION.

One of the most significant defects is the complete absence of any time limitation.

The subpoena seeks records without regard to whether they are:

* recent;

* decades old;

* before the formation of the entities;

* before Plaintiff's transaction; or

* otherwise disconnected from the events in dispute.

This lack of temporal limitation further demonstrates that the subpoena is not narrowly tailored.

## VII. THE COURT SHOULD, AT MINIMUM, SUBSTANTIALLY NARROW THE SUBPOENA.

If the Court concludes that some DBPR discovery is appropriate, Defendant Richard Rivera respectfully requests that any production be limited to:

1. documents specifically concerning Plaintiff;

2. documents concerning the property that is the subject of this litigation;

3. final agency orders directly related to the claims asserted; and

4. documents created within a reasonable period surrounding the events at issue.

All unrelated complaints, dismissed matters, investigative materials unrelated to Plaintiff, and records involving other consumers should be excluded unless Plaintiff first demonstrates a specific factual basis establishing their relevance.

## VIII. PLAINTIFF'S SUBPOENA IMPROPERLY SEEKS TO CIRCUMVENT THE LIMITATIONS OF RULE 26 BY DEMANDING AN

**ENTIRE REGULATORY HISTORY RATHER THAN DISCOVERY RELEVANT TO THE CLAIMS ASSERTED.**

The Federal Rules do not permit discovery whose primary purpose is to explore every governmental file relating to an opposing party in the hope that unrelated allegations may later be used to support claims that are otherwise unsupported by admissible evidence.

Rather than identifying documents connected to the transaction at issue, Plaintiff issued a subpoena demanding the entire regulatory history maintained by the Florida Department of Business and Professional Regulation for seven separate individuals and business entities, without limitation as to subject matter, time period, project, or alleged conduct.

Such a request exceeds the broad scope of permissible discovery. Rule 26 permits discovery of relevant and proportional information—not unlimited access to governmental investigative files maintained over many years.

Plaintiff has made no showing that every complaint ever filed against the identified persons or entities bears any relationship to the specific claims alleged in the Complaint.

Because the subpoena lacks any meaningful limitation, it cannot satisfy Rule 26's proportionality requirement.

## IX. THE SUBPOENA SEEKS INFORMATION THAT IS SUBSTANTIALLY MORE PREJUDICIAL THAN PROBATIVE.

The subpoena requests every complaint maintained by the DBPR regardless of disposition.

A complaint is merely an allegation.

Many complaints are:

* dismissed,

* withdrawn,

* administratively closed,

* resolved without findings,

* determined to be unsupported.

Permitting discovery of such allegations without regard to their outcome risks injecting collateral matters into this litigation that have little or no tendency to prove or disprove the claims before the Court.

Allowing discovery to expand into unrelated regulatory files would unnecessarily complicate this litigation, increase costs, prolong discovery, and divert the parties from the actual issues presented by the pleadings.

Federal courts possess broad discretion to prevent precisely this type of collateral

discovery.

## X. THE SUBPOENA IMPOSES AN UNDUE BURDEN UPON A NON-PARTY STATE AGENCY.

Rule 45 specifically recognizes that non-parties deserve heightened protection from burdensome discovery.

Here, Plaintiff commands the DBPR to search every complaint, disposition, investigative file, and related document concerning numerous persons and entities spanning an unlimited period.

Compliance necessarily requires agency personnel to:

* identify responsive files;

* review investigative materials;

* determine confidentiality;

* redact protected information;

* evaluate privilege issues; and

* prepare testimony regarding agency records.

Plaintiff has made no showing that this extraordinary burden is justified by the limited relevance of the requested materials.

Accordingly, the subpoena should be quashed.

# XI. THE COURT SHOULD EXERCISE ITS INHERENT AUTHORITY TO PREVENT DISCOVERY ABUSE.

Federal district courts possess broad authority to supervise discovery and prevent its misuse.

Discovery is intended to facilitate the fair resolution of disputes—not to permit unrestricted examination of unrelated governmental records in hopes that collateral accusations may influence settlement leverage or trial strategy.

Permitting this subpoena to proceed as drafted would establish a precedent allowing litigants to obtain complete regulatory histories whenever they sue an opposing party, regardless of whether those records have any connection to the claims before the Court.

Such a result is inconsistent with the Federal Rules' emphasis on proportionality, efficiency, and fairness.

The Court should therefore exercise its discretion to prevent unnecessary burden, expense, and prejudice.

## XII. EQUITY FAVORS QUASHING THE SUBPOENA.

The balance of equities strongly favors Defendant Richard Rivera.

If the subpoena is quashed, Plaintiff remains free to pursue targeted discovery

directly related to the allegations in the Complaint.

If the subpoena is enforced as drafted, however, Defendant Richard Rivera faces the disclosure of broad categories of unrelated regulatory materials, including complaints that may have no connection to the events at issue and may have been dismissed or resolved without findings.

The prejudice from producing expansive, unrelated regulatory files cannot be undone once disclosure occurs.

The Court should therefore act before production rather than attempt to remedy prejudice after the fact.

## XIII. PLAINTIFF HAS FAILED TO ESTABLISH THAT THE REQUESTED MATERIALS ARE RELEVANT TO ANY CLAIM OR DEFENSE.

The party seeking discovery bears the burden of demonstrating that the requested discovery falls within the scope of Rule 26(b)(1). Plaintiff has made no showing that every complaint, investigative file, disposition, or agency record concerning seven separate persons and entities has any bearing on the issues presented in this litigation.

The subpoena is devoid of any attempt to connect the requested governmental records to the factual allegations of the Complaint. Instead, it requests wholesale production of regulatory files irrespective of whether those records concern the

Plaintiff, the property at issue, the relevant transaction, or any conduct alleged in this action.

The absence of any limiting principle confirms that the subpoena is not reasonably calculated to obtain evidence relevant to the claims or defenses before the Court.

## XIV. THE SUBPOENA IMPROPERLY SEEKS COLLATERAL MATTERS THAT WILL UNNECESSARILY EXPAND THIS LITIGATION.

If enforced, the subpoena would inevitably generate collateral disputes concerning:

* unrelated complaints;

* unrelated investigations;

* unrelated consumers;

* unrelated projects;

* agency procedures;

* confidentiality issues;

* admissibility of agency records.

The Court would be forced to devote substantial judicial resources to resolving issues having little or no connection to Plaintiff's underlying claims.

Federal discovery exists to streamline litigation—not to multiply collateral

disputes.

The subpoena therefore undermines the very objectives of Rules 1 and 26 by increasing cost, delay, and unnecessary litigation over matters that are peripheral, if not entirely irrelevant.

## XV. THE REQUEST IS NOT NARROWLY TAILORED.

Courts routinely expect discovery requests to be tailored to the actual controversy before the Court.

Plaintiff could have requested:

* records concerning Plaintiff;

* records concerning the property that is the subject of this lawsuit;

* records concerning any specific license involved in the transaction;

* records concerning any identified statutory violation allegedly related to Plaintiff.

Instead, Plaintiff elected to request every complaint and every document maintained by the DBPR concerning seven different persons and entities without any temporal or subject-matter limitation.

The breadth of the request is itself evidence that the subpoena was not narrowly crafted.

## XVI. ALTERNATIVELY, THE COURT SHOULD CONDUCT AN IN

**CAMERA REVIEW.**

Should the Court determine that some portion of the requested records may be relevant, Defendant Richard Rivera respectfully requests that the Court first conduct an in camera review of any responsive materials before ordering production.

Such a procedure would permit the Court to distinguish between:

* records directly related to the claims in this litigation; and

* complaints, investigations, and agency materials that bear no relationship to the Plaintiff or the issues before the Court.

An in camera review would protect legitimate privacy interests while ensuring that Plaintiff receives only those materials that satisfy the requirements of Rules 26 and 45.

## XVII. REQUEST FOR EXPEDITED RELIEF.

The subpoena commands the DBPR to appear for deposition and produce records on August 11, 2026.

Absent prompt judicial intervention, the requested governmental records may be produced before the Court has an opportunity to determine whether the subpoena exceeds the permissible scope of discovery.

Accordingly, Defendant Richard Rivera respectfully requests expedited

consideration of this Motion and a temporary stay of compliance with the subpoena pending the Court's ruling.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Richard Rivera respectfully requests that this Court:

1. Quash Plaintiff's subpoena directed to the Florida Department of Business and Professional Regulation;

2. Stay compliance with the subpoena pending resolution of this Motion;

3. Alternatively, substantially modify the subpoena to limit production to records directly related to the claims asserted in this litigation;

4. Conduct an in camera review of any materials the Court determines may arguably be relevant before any production occurs;

5. Enter an appropriate Protective Order safeguarding confidential and irrelevant materials from disclosure;

6. Award such other and further relief as the Court deems just and proper.

Dated July 7th, 2026

Respectfully submitted,

/s/ Richard Rivera
Richard Rivera
9907 8th St #845
Gotha, FL 34734
Tel 407-692-1053
Email: apim@usa.com

# CERTIFICATION UNDER PENALTY OF PERJURY THAT ARTIFICIAL INTELLIGENCE WAS USED IN THE PREPARATION OF THIS FILING

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. Artificial intelligence was used in the preparation of this filing in the following way: Artificial intelligence was used to assist with formatting, organization, procedural structure, legal terminology, and review of applicable court rules. However, under penalty of perjury, I certify that before filing, I personally reviewed Rule 11 of the Federal Rules of Civil Procedure and I personally read every case. I understand that if a case upon which I rely does not exist or does not reasonably stand for the cited proposition, the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, that as the person signing this filing I am the person who will be held responsible for its contents even if it was prepared by someone else, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this

certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

Dated July 7th, 2026

Respectfully submitted,

/s/ Richard Rivera
Richard Rivera
9907 8th St #845
Gotha, FL 34734
Tel 407-692-1053
Email: apim@usa.com

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), undersigned certifies that he conferred with Plaintiff's counsel regarding the relief requested herein. Although Plaintiff's counsel disagrees with the arguments asserted in this Motion and opposes the relief requested, counsel indicated no objection to the filing and submission of this Motion for the Court's consideration.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 7th, 2026, a true and correct copy of the foregoing was served via email to all counsel of record and all pro se parties on the attached Service List.

## SERVICE LIST

**Ronald P. Weil, Esq.**
Florida Bar No.: 169966
RWeil@WeilLawFirm.net
**Luke T. Jacobs, Esq.**
Florida Bar No.: 1024787
LJacobs@WeilLawFirm.net
Weil Law Firm, P.A.
333 S.E. 2nd Avenue
Suite 20
Miami, Florida 33131
Phone: (305) 372-5352
Plaintiff Counsel

**Joseph A. Apatov, Esq.**
Florida Bar No. 93546
JApatov@HinshawLaw.com
**C. Charles Townsend**
Texas Bar No.
24028053 (Pro Hac)
CTownsend@HinshawLaw.com
Hinshaw & Culbertson LLP
201 East Los Olas Boulevard Suite 1450
Fort Lauderdale, Florida 33301
Phone: (954) 809-3241
Fairway Ind. Mortg. Corp. Counsel


**Reginald J. Clyne, Esq.**
Florida Bar No. 654302
Reginald.Clyne@QPWBLaw.com
**Eddie L. Holiday III, Esq.**
Florida Bar No. 109918
Eddie.Holiday@QPWBLaw.com
9300 South Dadeland Blvd. Fourth Floor
Miami, Florida 33156
Tel: (305) 670-1101
Hallmark Home Mortgage, LLC Counsel


**Alejandro Marriaga**
1802 N Alafaya Trail, Suite 152
Orlando, FL 32826
alexmarriaga@hotmail.com
*Pro Se* Defendant


**Catalina Rebolledo**
9907 8th St #845
Gotha FL 34734
407-212-2776
cathykcv@gmail.com

*Pro Se* Defendant

**Paavo Salmi**
7406 Oconee St
Kissimmee FL 34747
Psalmi@icon-built.com
407-212-2776
*Pro Se* Defendant