## MIDDLE DISTRICT OF FLORIDA
### Orlando Division

## CASE NO: 6:25-cv-02490-AGM-RMN

REYNEL SUAREZ, on behalf of himself
individually and others similarly situated,

      Plaintiff,

v.

STEEL X HOMES, LLC,
a Florida limited liability company;
RICHARD RIVERA, a Florida individual;
CATALINA REBOLLEDO, a Florida
individual; PAAVO SALMI, a Florida individual;
HALLMARK HOME MORTGAGE, LLC,
a foreign limited liability company,
FAIRWAY INDEPENDENT MORTGAGE
CORPORATION, a foreign corporation,
ALEJANDRO MARRIAGA, a Florida individual;
and KAYE FLANAGAN,
a Florida individual,

      Defendants.

_____/

### UNOPPOSED MOTION OF REGINALD J. CLYNE AND EDDIE L. HOLIDAY III TO WITHDRAW AS COUNSEL FOR DEFENDANT HALLMARK HOME MORTGAGE, LLC ONLY

Reginald J. Clyne, Esq. ("Clyne") and Eddie L. Holiday III, Esq. ("Holiday") (collectively, the "Movants"), each appearing on his own behalf under Local Rule 2.02(c)(2), move for leave to withdraw as counsel of record for Defendant Hallmark Home Mortgage, LLC ("Hallmark") only.  Movants do not seek to withdraw from their representation of Defendant Kaye Flanagan ("Flanagan"), and

they will remain counsel of record of for Flanagan.  Plaintiff does not oppose the requested relief.  In support of the Motion, Movants state the following:

1.  On December 29, 2025, Plaintiff filed his initial Complaint against several individuals and entities, including Hallmark. (Doc. 1).  The initial Complaint did not name Flanagan as a defendant.

2.  Movants appeared as counsel of record for Hallmark.  Clyne filed Hallmark's Notice of Lead Counsel Designation on January 28, 2026, and Holiday filed his Notice of Appearance that same day.  (Docs. 16, 1 7).

3.  Plaintiff filed the operative Amended Class Action Complaint on March 2, 2026, adding Flanagan as a defendant.  (Doc. 42).  On March 16, 2026, Holiday filed a joint Motion to Dismiss the Amended Class Action Complaint on behalf of Hallmark and Flanagan (the "Motion to Dismiss").  (Doc. 56).  The Motion to Dismiss remains pending.

4.  Local Rule 2.02(c) requires leave of Court before an appearing lawyer may withdraw. *See* M.D. Fla. Local R. 202(c).  It also requires the lawyer to notify each affected client at least fourteen (14) days before moving to withdraw unless the client consents.  *See* M.D. Fla. Local R. 2.02(c)(1)(A).  Consistent with that Rule, the Court previously required counsel in this action to proceed by motion rather than stipulation. (Doc. 32).  Magistrate Judge Norway also explained in this action that a law firm need not separately seek withdrawal because attorney – not law firms – appear and represent clients. *See* (Doc. 102).  Accordingly, each

WWW.QPWBLAW.COM

ARIZONA ♦ CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ ILLINOIS ♦ INDIANA ♦ KENTUCKY ♦ MARYLAND ♦ MICHIGAN
MISSISSIPPI ♦ NEVADA ♦ NEW JERSEY ♦ NEW YORK ♦ OKLAHOMA ♦ TENNESSEE ♦ TEXAS ♦ USVI

appearing lawyer joins this Motion personally.  Quintairos, Prieto, Wood & Boyer, P.A. is identified as Movants' associated firm, but is not a separate Movant.

5.  On July 9, 2026, Clyne and Holiday provided Hallmark, through its authorized corporate representative, Deborah Sturges ("Sturges"), written notice of their intent to seek leave to withdraw (the "Notice").  More than fourteen (14) days have elapsed since that notice.  Movants have therefore satisfied Local Rule 2.02(c)(1)(A).  For purposes of Local Rule 2.02(c)(1)(B), Sturges's contact information and physical address as the Corporate Representative of Hallmark Home Mortgage, LLC is:

Deborah Sturges
Hallmark Home Mortgage, LLC
7421 Coldwater Road
Fort Wayne, Indiana 46825
Email: Deborah.Sturges@MYHHM.com; DSturges@1Hallmark.com
Telephone: (260) 469-0901

6.  Although the Notice also advised Flanagan that Movants contemplated seeking withdrawal from her individual representation, Movants have since limited the relief sought.  They are not moving to withdraw from Flanagan and will continue representing her individually.  The Court therefore need not alter Flanagan's status to *pro se* or require her contact information on the docket.

7.  Although leave to withdraw remains within the Court's discretion, the Middle District applies two alternative grounds for deciding whether withdrawal is appropriate: (1) counsel shows that withdrawal will not materially prejudice the

WWW.QPWBLAW.COM

ARIZONA ♦ CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ ILLINOIS ♦ INDIANA ♦ KENTUCKY ♦ MARYLAND ♦ MICHIGAN
MISSISSIPPI ♦ NEVADA ♦ NEW JERSEY ♦ NEW YORK ♦ OKLAHOMA ♦ TENNESSEE ♦ TEXAS ♦ USVI

client; or (2) good cause affecting the attorney-client relationship independently warrants withdrawal. *See Albert v. DRS Technologies, Inc.*, No. 6:11-cv-869-Orl-36DAB, 2012 WL 12898965, at *2-3 (M.D. Fla. Apr. 18, 2012) (explaining that the court is guided by Rule 4-1.16 and that withdrawal is appropriate upon a showing of no prejudice or good cause); *In re Davis*, 258 B.R. 510, 513 (Bankr. M.D. Fla. 2001). Both grounds are present here.

8. First, the requested withdrawal will not materially prejudice Hallmark. The Case Management and Scheduling Order sets the class-certified deadline for January 6, 2027; Defendant's expert disclosure or September 17, 2027; the discovery cut off for October 15, 2027; the dispositive and *Daubert* motion deadline for November 15, 2027; mediation for completion by January 31, 2028; the final pretrial conference for April 20, 2028; and the jury-trial term for May 1, 2028. *See* (Doc 91). Thus, more than fourteen (14) months remain before discovery closes and nearly two years remain before trial. Movants seek no continuance or modification of any of those deadlines. They also will remain in this action as counsel for Flanagan, including with the jointly filed Motion to Dismiss. Although that continuing representation will not authorize Movants to act for Hallmark after withdrawal, it reduces the risk of disruption of the litigation while Hallmark retains substitute counsel. *See*, *e.g.*, *Toe-McPherson v. Lakeview Healthcare Systems,* No. 5:24-cv-327-JSM-PRL, 2025 WL 1786353, at *2 (M.D. Fla. June 27, 2025) (allowing for withdrawal due to compliance with local rule 2.02 and finding of lack of prejudice).

4

ARIZONA ◆ CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ ILLINOIS ◆ INDIANA ◆ KENTUCKY ◆ MARYLAND ◆ MICHIGAN
MISSISSIPPI ◆ NEVADA ◆ NEW JERSEY ◆ NEW YORK ◆ OKLAHOMA ◆ TENNESSEE ◆ TEXAS ◆ USVI

9.      Second, even if this Court concludes that Hallmark could experience some prejudice from a temporary gap in representation, good cause independently supports withdrawal. Without providing any attorney-client privileged communication, the Movants assert that they provided Hallmark with reasonable warning that Movants would seek leave to withdraw due to certain obligations being unfulfilled either due to Hallmark's inability or refusal. Consistent with Florida Rule of Professional Conduct 4-1.16(b)(3), the Movants have demonstrated good cause. *See In re Davis*, 258 B.R. at 513.

10.     Hallmark is a limited liability company and cannot proceed *pro se*. *See* M.D. Local R. 2.02(b)(2).  The Eleventh Circuit has likewise recognized that "[t]he rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel." *Palazzo v. Gulf Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985).  Accordingly, neither Sturges nor another nonlawyer representative may file papers, appear at hearings, or otherwise litigate on Hallmark's behalf.

11.     Movants recognize that courts within the Middle District of Florida regularly deny motions to withdraw from a business entity when no substitute counsel is ready to appear because withdrawal would otherwise leave the entity without a voice in the litigation and subject to default.  *See Baez v. LTD Financial Servs., L.P.*, No. 6:15-cv-1043-Orl-40TBS, 2019 WL 13245736, at *1 (M.D. Fla. Mar. 27, 2019).  However, that concern does not create a categorical bar to

WWW.QPWBLAW.COM

ARIZONA ♦ CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ ILLINOIS ♦ INDIANA ♦ KENTUCKY ♦ MARYLAND ♦ MICHIGAN
MISSISSIPPI ♦ NEVADA ♦ NEW JERSEY ♦ NEW YORK ♦ OKLAHOMA ♦ TENNESSEE ♦ TEXAS ♦ USVI

withdrawal.   Rather it requires the Motion confront the entity-representation consequences directly.

12.   The procedural history in *7-Eleven v. George*, No. 6:08-cv-2091-Orl-28GJK, 2014 WL 12693724 (M.D. Fla. May 8, 2014), confirms that the entity-representation allows for withdrawal when corporate entity has had a meaningful opportunity to retain substitute counsel.   In *7-Eleven*, the court allowed counsel for a corporate defendant to withdraw because: (1) counsel identified nonpayment as grounds food good cause; (2) counsel provided the corporate defendant's physical address; (3) counsel provided written notice to the client; and (4) the corporate defendant received sufficient time to secure substitute counsel but failed to do so.   2014 WL 12693724, at *1-2.

13.   The material circumstances here are analogous.   First, as explained above, Hallmark's inability or refusal to comply with its obligations after receiving reasonable warning supplies good cause.   Second, this Motion provides Hallmark's physical service address and identifies its authorized corporate representative. Third, each Movant provided Hallmark written notice on July 9, 2026, more than fourteen (14) days before filing this Motion.   Fourth, Hallmark has been advised of the need to retain substitute counsel and has had the period since July 9 to begin doing so.   By August 11, 2026, Hallmark will have received over thirty (30) days to locate substitute counsel; by August 24, 2026, it will have received over forty-five (45) days.   Those periods, together with the phased relief requested below, provide

ARIZONA ◆ CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ ILLINOIS ◆ INDIANA ◆ KENTUCKY ◆ MARYLAND ◆ MICHIGAN
MISSISSIPPI ◆ NEVADA ◆ NEW JERSEY ◆ NEW YORK ◆ OKLAHOMA ◆ TENNESSEE ◆ TEXAS ◆ USVI

Hallmark with a meaningful opportunity to secure counsel while honoring the current local Rules and avoiding immediate default.

14.    The proposed effect date also accounts for Hallmark's immediate obligations under the Court's July 9, 2026 Order granting Plaintiff's Motion to Compel. (Doc. 214).  That Order required Hallmark to produce a subset of documents by July 17, 2026 – which it has- and produce all responsive documents as well as a privilege log by August 10, 2026.  Since entry of that Order, Movants have continued working with Hallmark to facilitate compliance with the ordered production and privilege-log obligations.  Making withdrawal effective upon substitute counsel's earlier appearance or August 11, 2026 ensures that Movants remain counsel through the August 10 deadline unless replacement counsel first appears.  This Motion seeks no stay, extension, or modification of Hallmark's existing obligations.

15.    Movants request that Hallmark be directed to retain substitute counsel and have that counsel file a notice of appearance by Monday, August 24, 2026.  This additional period gives Hallmark nearly two weeks after the proposed effective date – and more than six weeks after the July 9 notice – to complete the transition.

16.    Hallmark has been advised that, as a limited liability company, it cannot appear without licensed counsel and that failure to secure substitute counsel may expose it to adverse rulings, sanctions, default, and final default judgment.

ARIZONA ♦ CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ ILLINOIS ♦ INDIANA ♦ KENTUCKY ♦ MARYLAND ♦ MICHIGAN
MISSISSIPPI ♦ NEVADA ♦ NEW JERSEY ♦ NEW YORK ♦ OKLAHOMA ♦ TENNESSEE ♦ TEXAS ♦ USVI

**WHEREFORE**, Movants respectfully request that the Court enter an Order: (1) permitting Reginald J. Clyne, Esq. and Eddie L. Holiday III, Esq. to withdraw as counsel of record for Hallmark only, effective upon the earlier of Hallmark's substitute counsel's appearance or August 11, 2026; (2) directing Hallmark to retain substitute counsel and have that counsel file a notice of appearance no later than Monday, August 24, 2026; and (3) upon effective date of withdrawal, directing the Clerk to terminate Movants' appearance for Hallmark while leaving their appearances for Flanagan unchanged; and (4) any other and further relief this Court finds to be just and proper.

Dated: July 24, 2026                            Respectfully submitted,

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
9300 South Dadeland Boulevard
Fourth Floor
Miami, Florida 33156
Telephone: (305) 670-1101
Facsimile: (305) 670-1161

/s/ Reginald J. Clyne                           /s/ Eddie L. Holiday III
**REGINALD J. CLYNE, ESQ.**                     **EDDIE L. HOLIDAY III, ESQ**
Florida Bar No. 65302                           Florida Bar No. 109918
Reginald.Clyne@QPWBLaw.com                      Eddie.Holiday@QPWBLaw.com
*Counsel for Halmark Home*                      *Counsel for Hallmark Home*
*Mortgage, LLC & Kaye Flanagan*                 *Mortgage, LLC & Kaye Flanagan*

WWW.QPWBLAW.COM

ARIZONA ◆ CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ ILLINOIS ◆ INDIANA ◆ KENTUCKY ◆ MARYLAND ◆ MICHIGAN
MISSISSIPPI ◆ NEVADA ◆ NEW JERSEY ◆ NEW YORK ◆ OKLAHOMA ◆ TENNESSEE ◆ TEXAS ◆ USVI

## <u>LOCAL RULE 2.02(c) CERTIFICATE</u>

Pursuant to Rule 2.02(c) of the Local Rules of the United States District for the Middle District of Florida, Each Movant certifies that, on July 9, 2026, he provided written notice to Hallmark Home Mortgage, LLC of his intent to seek leave to withdraw, more than fourteen days before the filing of this Motion.

Dated: July 24, 2026                    Respectfully submitted,

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
9300 South Dadeland Boulevard
Fourth Floor
Miami, Florida 33156
Telephone: (305) 670-1101
Facsimile: (305) 670-1161


/s/ Reginald J. Clyne            | /s/ Eddie L. Holiday III
**REGINALD J. CLYNE, ESQ.**       | **EDDIE L. HOLIDAY III, ESQ**
Florida Bar No. 65302             | Florida Bar No. 109918
Reginald.Clyne@QPWBLaw.com        | Eddie.Holiday@QPWBLaw.com
*Counsel for Halmark Homes*       | *Counsel for Hallmark Homes*
*Mortgage, LLC & Kaye Flanagan*   | *Mortgage, LLC & Kaye Flanagan*

ARIZONA ◆ CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ ILLINOIS ◆ INDIANA ◆ KENTUCKY ◆ MARYLAND ◆ MICHIGAN
MISSISSIPPI ◆ NEVADA ◆ NEW JERSEY ◆ NEW YORK ◆ OKLAHOMA ◆ TENNESSEE ◆ TEXAS ◆ USVI

## <u>LOCAL RULE 3.01(g) CERTIFICATE</u>

Pursuant to Rule 3.01(g) of the Local Rules of the United States District Court for the Middle District of Florida, Movants certify that, on July 13, 2026, they conferred with counsel for Plaintiff in a good-faith effort to resolve the relief requested. Plaintiff does not oppose this Motion.

Dated: July 24, 2026                    Respectfully submitted,

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
9300 South Dadeland Boulevard
Fourth Floor
Miami, Florida 33156
Telephone: (305) 670-1101
Facsimile: (305) 670-1161

/s/ Reginald J. Clyne
**REGINALD J. CLYNE, ESQ.**
Florida Bar No. 65302
Reginald.Clyne@QPWBLaw.com
*Counsel for Halmark Homes*
*Mortgage, LLC & Kaye Flanagan*

/s/ Eddie L. Holiday III
**EDDIE L. HOLIDAY III, ESQ**
Florida Bar No. 109918
Eddie.Holiday@QPWBLaw.com
*Counsel for Hallmark Homes*
*Mortgage, LLC & Kaye Flanagan*

ARIZONA ◆ CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ ILLINOIS ◆ INDIANA ◆ KENTUCKY ◆ MARYLAND ◆ MICHIGAN
MISSISSIPPI ◆ NEVADA ◆ NEW JERSEY ◆ NEW YORK ◆ OKLAHOMA ◆ TENNESSEE ◆ TEXAS ◆ USVI

## **Certification Under Penalty of Perjury that Artificial Intelligence Was Not Used in the Preparation of This Filing**

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. After diligent inquiry and under the penalty of perjury, I certify that artificial intelligence was not utilized in the preparation of this filing in anyway. I understand that, whether I represent myself or I am an attorney representing a client, I have an affirmative obligation to read each case cited in this filing. If I fail to do so and a case upon which I rely does not exist or does not reasonably stand for the cited proposition, I understand that the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this Rule applies equally to counsel and unrepresented parties, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification of perjury I could be referred for criminal prosecution if the statements I make here are false.

By: */s/ Eddie L. Holiday III*
**EDDIE L. HOLIDAY III, ESQ.**
Florida Bar No. 109918
9300 South Dadeland Blvd.
Fourth Floor
Miami, Florida 33156
Tel: (305) 670-1101
Fax: (305) 670-1161
Eddie.Holiday@QPWBLaw.com
*Counsel for Defendants*
*Hallmark Home Mortgage, LLC &*
*Kaye Flanagan*

ARIZONA ♦ CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ ILLINOIS ♦ INDIANA ♦ KENTUCKY ♦ MARYLAND ♦ MICHIGAN
MISSISSIPPI ♦ NEVADA ♦ NEW JERSEY ♦ NEW YORK ♦ OKLAHOMA ♦ TENNESSEE ♦ TEXAS ♦ USVI

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 24, 2026, a true and correct copy of the foregoing was served on counsel of record by email and on pro se parties by U.S. Mail at their addresses of record, as reflected on the attached service list.

Respectfully submitted,

By: */s/ Eddie L. Holiday III*
**REGINALD J. CLYNE, ESQ.**
Florida Bar No. 654302
**EDDIE L. HOLIDAY III, ESQ.**
Florida Bar No. 109918
9300 South Dadeland Blvd.
Fourth Floor
Miami, Florida 33156
Tel: (305) 670-1101
Fax: (305) 670-1161
Reginald.Clyne@QPWBLaw.com
Eddie.Holiday@QPWBLaw.com

*Counsel for Defendants*
*Hallmark Home Mortgage, LLC &*
*Kaye Flanagan*

ARIZONA ♦ CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ ILLINOIS ♦ INDIANA ♦ KENTUCKY ♦ MARYLAND ♦ MICHIGAN
MISSISSIPPI ♦ NEVADA ♦ NEW JERSEY ♦ NEW YORK ♦ OKLAHOMA ♦ TENNESSEE ♦ TEXAS ♦ USVI

## SERVICE LIST

### via Email to Counsel of Record:

| | |
|---|---|
| **Ronald P. Weil, Esq.**<br>**Luke T. Jacobs, Esq.**<br>Weil Law Firm, P.A.<br>150 S.E. 2nd Avenue<br>Suite 904<br>Miami, Florida 33131<br>RWeil@WeilLaw.net<br>LJacobs@WeilLaw.net<br>*Counsel for Plaintiff* | **C. Charles Townsend, Esq.**<br>**Joseph A. Apatov, Esq.**<br>Hinshaw & Culbertson, LLP<br>201 East Las Olas Boulevard<br>Suite 1450<br>Fort Lauderdale, Florida 33301<br>CTowsend@HinshawLaw.com<br>JApatov@HinshawLaw.com<br>*Counsel for Defendant Fairway Independent Mortgage Corporation* |
| **Erik J. Washington, Esq.**<br>The Washington Law Firm<br>P.O. Box 536086<br>Orlando, Florida 32853<br>EJWash2506@GMail.com<br>*Counsel for Defendant Paavo Salmi* | |

### via U.S. Mail to *Pro Se* Parties at Their Addresses of Record:

Courtesy copies were also transmitted by email where an email address was available. Defendants do not represent that courtesy email service constitutes formal service unless the recipient has consented in writing to service by electronic means.

| | |
|---|---|
| Steel X Homes, LL<br>c/o of Paavo Salmi<br>7406 Oconee Street<br>Reunion, Florida 34747<br>*Pro Se* | Richard Rivera<br>9907 8th Street<br>Apartment 845<br>Gotha, Florida 34734<br>*Pro Se* |
| Catalina Rebolledo<br>9907 8th Street<br>Apartment 845<br>Gotha, Florida 34734<br>*Pro Se* | Alejandro Marriaga<br>1802 N. Alafaya Trail<br>Suite 152<br>Orlando, Florida 32826<br>*Pro Se* |

WWW.QPWBLAW.COM

ARIZONA ♦ CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ ILLINOIS ♦ INDIANA ♦ KENTUCKY ♦ MARYLAND ♦ MICHIGAN
MISSISSIPPI ♦ NEVADA ♦ NEW JERSEY ♦ NEW YORK ♦ OKLAHOMA ♦ TENNESSEE ♦ TEXAS ♦ USVI